IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAVANNA SPENCER,<br>       Plaintiff | )<br>) | C.A. No. 08-1166 Pittsburgh |
| v | )<br>)<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |
| JEFFREY A. BEARD, et al.,<br>       Defendants | )<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the DOC Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Document # 23] be granted.

### II.   REPORT

#### A.   Relevant Procedural and Factual History

On August 21, 2008, Plaintiff Ravanna Spencer, an inmate formerly incarcerated[1] at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections ("Beard"); Robert Tretinik, Health Care Administrator at SCI-Fayette ("Tretinik"); Rick Voytko, a psychologist at SCI-Fayette ("Voytko"); and Peter Saavedra, a psychiatrist under contract to provide psychiatric services to inmates at SCI-Fayette ("Saavedra").[2]  Plaintiff subsequently filed an Amended Complaint on

---

[1] Plaintiff is currently incarcerated at SCI Retreat in Hunlock Creek, Pennsylvania.

[2] For convenience, Defendants Beard, Tretinik, and Voytko are collectively referred to herein as "DOC Defendants."

May 15, 2009, to clarify the allegations of his original Complaint. [Document # 21].

Plaintiff alleges that Defendants violated his rights under the eighth and fourteenth amendments to the United States Constitution, as well as his rights under Pennsylvania's Mental Health Procedures Act, 50 P.a.C.S. 7111, et seq., and several other state statutes. In particular, Plaintiff claims that: (i) on August 21, 2007, Defendant Saavedra went to his cell door and "exposed [his] mental health history, specifically the medication [he] was prescribed, suicide attempts [he] made in the past, and information about [him] hearing voices and being depressed," which caused him "to be mentally tourmented [sic] by prisoners and guards about [his] mental illness" (Amended Complaint at ¶ 4); (ii) Defendant Voytko "has not given hardly any psychotherapy," and has only met with Plaintiff "three times for no more than five minutes" (Id. at ¶ 5); (iii) Defendant Tretinik "showed reckless disregard to [his] mental health," by failing to address and/or correct the actions of Defendants Saavedra and Voytko. (Id. at ¶ 6); and (iv) Defendant Beard failed to take any steps to prevent the actions of Defendants Saavedra and Voytko from happening again. (Id. at ¶ 7). As relief for his claims, Plaintiff seeks declaratory and injunctive relief and monetary damages.

The DOC Defendants have filed a motion to dismiss Plaintiff's amended complaint, arguing that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has since filed a response to the DOC Defendants' motion. This matter is now ripe for consideration.[3]

---

3

Defendant Saavedra has also filed a motion to dismiss; however, Plaintiff's time period for filing a response to that motion has not yet passed. As a result, the Court will address Defendant Saavedra's motion at a later date.

**B.     Standards of Review**

**1.     Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d

224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Defendant Voytko

Plaintiff claims that Defendant Voytko was deliberately indifferent to his serious medical needs by giving him only three "mental health contacts" of no more than five minutes each while Plaintiff was confined in SCI-Fayette's Restricted Housing Unit ("RHU"). (Amended Complaint at ¶ 5). In particular, Plaintiff alleges that he suffers from depression, "NOS," schizophrenic borderline personality, and antisocial personality disorder, and is housed in a security level 5 housing unit. (Id.). Plaintiff claims that "the 6.5.1 procedures manual requires psychiatric or

psychological staff to visit security level 5 housing units five days in a seven day period and sign a DC-702 form any time they go in and out [of] the unit." (Id.). In addition, Plaintiff claims that the 13.8.1 procedures manual states that each inmate on the mental health roster shall be assessed every 30 days," and that "not even this was done by the psychologist." (Id.).

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need,[4] and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106.

---

[4] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

"Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted).

Here, it is evident from Plaintiff's Amended Complaint that, in addition to Dr. Voytko's visits, Plaintiff had his mental health needs evaluated by Dr. Saavedra "several times" while at SCI-Fayette, and was also assessed by an outside psychiatrist named John Hume. (Amended Complaint at ¶ 4). Nevertheless, Plaintiff appears to be claiming that Defendant Voytko was deliberately indifferent to Plaintiff's mental health needs because he did not perform psychotherapy on a regular basis. However, "mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110. Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977).

In this case, the Court is being asked to second-guess the propriety or adequacy of the mental health care Defendant Voytko provided Plaintiff. This the Court will not do. As a result, Plaintiff's Eight Amendment deliberate indifference claim against Defendant Voytko should be dismissed.

### 2.     Defendants Tretinik and Beard

Plaintiff claims that Defendant Tretinik "showed reckless disregard to [his] mental health after being put on notice of Dr. Saavedra and Voytko's actions," while Defendant Beard, "after being put on notice of Dr. Saavedra's and Voytko's actions... failed to take any steps that would prevent it from happening again..." (Amended Complaint at ¶¶ 6-7).  The DOC Defendants move to dismiss these claims because Defendants Tretinik and Beard are non-medical prison officials who cannot be held liable for deliberate indifference to serious medical needs while Plaintiff was being treated by medical professionals.[5]  The Court agrees.

In Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993), the Third Circuit held that non-medical prison officials cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by a prison doctor. Id. at 68.  The Third Circuit reiterated this holding in Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004), stating that:

> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."

Spruill, 372 F.3d at 236.

Here, Plaintiff has been under the care of both Defendants Saavedra and Voytko. Although he may not agree with the manner in which medical services have been provided,

---

[5] While Defendant Tretinik's title is "Chief Health Care Administrator," he is treated as a non-medical prison official for purposes of §1983 deliberate indifference claims.  See Hull v. Dotter, 1997 WL 327551 at * 4 (E.D.Pa. 1997); Freed v. Horn, 1995 WL 710529 at * 3-4 (E.D.Pa. 1995).

Defendants Tretinik and Beard cannot be charged with the Eighth Amendment scienter requirement of deliberate indifference, because there is no claim that they knew or should have known that Plaintiff was being mistreated or not treated at all. As a result, Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Tretinik and Beard should be dismissed.

### 3. State Law Claims

Plaintiff raises a number of statutory claims, including a claim under Pennsylvania's Mental Health Procedures Act, 50 P.a.C.S. 7111, et seq. All of these claims are pendent state law claims under Pennsylvania law, over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that Plaintiff's federal claims under 42 U.S.C. § 1983 must fail as a matter of law, this Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law claims. As a result, Plaintiff's defamation and slander claims should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the DOC Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Document # 23] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.

Failure to timely file objections may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

                                                  /s/ Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  United States Magistrate Judge

Dated: November 30, 2009

cc:     The Honorable Sean J. McLaughlin
        United States District Judge