IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER,                          )
           Plaintiff                   )        C.A. No. 08-1166 Pittsburgh
                                       )
       v                             )        District Judge McLaughlin
                                       )        Magistrate Judge Baxter
JEFFREY A. BEARD, et al.,                  )
           Defendants                  )


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


## I.      RECOMMENDATION

It is respectfully recommended that Defendant Saavedra's motion to dismiss, or in the alternative, motion for summary judgment [Document # 42] be granted in part and denied in part..


## II.      REPORT

### A.      Relevant Procedural and Factual History

On August 21, 2008, Plaintiff Ravanna Spencer, an inmate formerly incarcerated[1] at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"), filed this civil rights action pursuant to 42 U.S.C. § 1983.[2]  Named as Defendants were:  Jeffrey A.

---

1

Plaintiff is currently incarcerated at SCI Retreat in Hunlock Creek, Pennsylvania.

2

Plaintiff purports to bring this action "on behalf of himself and all similarly situated prisoners past, present and future." (Complaint at ¶ 1).  However, "pro se litigants are generally not appropriate as class representatives." Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009), quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 19975)("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action").  See also Lewis v. City of Trenton Police Dept., 175 Fed. Appx. 552 (3d Cir. 2006)(a "[prisoner plaintiff], who is proceeding *pro se*, may not represent a putative class of prisoners").  Thus, the Court will disregard Plaintiff's attempt to bring this action on behalf of anyone other than himself.

Beard, Secretary of the Pennsylvania Department of Corrections ("Beard"); Robert Tretinik,

Health Care Administrator at SCI-Fayette ("Tretinik"); Rick Voytko, a psychologist at SCI-

Fayette ("Voytko"); and Peter Saavedra, a psychiatrist under contract to provide psychiatric

services to inmates at SCI-Fayette ("Saavedra").[3]  Plaintiff subsequently filed an Amended

Complaint on May 15, 2009, to clarify the allegations of his original Complaint. [Document

# 21].

On November 30, 2009, this Court issued a Report and Recommendation recommending

that the DOC Defendants' motion to dismiss amended complaint [Document # 23] be granted,

and that the DOC Defendants be terminated from this case. [Document # 49].[4]  This

recommendation was adopted by District Judge Sean J. McLaughlin by Memorandum Order

dated February 17, 2010, and all claims against the DOC Defendants were dismissed.

[Document # 54].  As a result, the only remaining Defendant in this case is Defendant Saavedra.

Plaintiff has alleged that Defendant Saavedra violated his rights under the eighth and

fourteenth amendments to the United States Constitution, as well as his rights under

Pennsylvania's Mental Health Procedures Act, 50 P.a.C.S. 7111, et seq., and several other state

statutes.  In particular, Plaintiff alleges that, on August 21, 2007, Defendant Saavedra went to

his cell door and "exposed [his] mental health history, specifically the medication [he] was

prescribed, suicide attempts [he] made in the past, and information about [him] hearing voices

---

3

For convenience, Defendants Beard, Tretinik, and Voytko are collectively referred to herein as "DOC Defendants."

4

At the time, Defendant Saavedra had also filed a motion to dismiss, or in the alternative, motion for summary judgment; however, Plaintiff's time period for filing a response to that motion had not yet passed.  As a result, Defendant Saavedra's motion was not considered by the Court.

and being depressed," which caused him "to be mentally tourmented [sic] by prisoners and

guards about [his] mental illness" (Amended Complaint at ¶ 4).  As a result, Plaintiff claims

that Defendant Saavedra "is liable for intentionally causing [him] unnecessary and wanton

infliction of pain by purposefully exposing [his] mental health history to prisoners and guards,

in violation of the Eighth Amendment, and for deliberately exposing [his] mental health history,

Dr. Saavedra is [in] violation of the Fourteenth Amendment for deprivation of medical/mental

health privacy." (Amended Complaint at ¶ 9).  As relief for his claims, Plaintiff seeks

declaratory and injunctive relief and monetary damages.

Defendant Saavedra has filed a motion to dismiss, or in the alternative, motion for

summary judgment [Document # 42], arguing that Plaintiff's claims are barred by the doctrines

of collateral estoppel and *res judicata* and, alternatively, fail to state a claim upon which relief

may be granted.  Plaintiff has filed a brief in response to Defendant Saavedra's motion.

[Document # 52].  This matter is now ripe for consideration.


### B.        Standards of Review

### 1.        Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 95 (2007).  A complaint

must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim

to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41

(1957)).  See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009)

(specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S.  265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief."  Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient
> factual matter to show that the claim is facially plausible.  This then
> allows the court to draw the reasonable inference that the defendant is
> liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state
> a claim, district courts should conduct a two-part analysis.  **First, the**

4

**factual and legal elements of a claim should be separated.  The
district court must accept all of the complaint's well-pleaded facts as
true, but may disregard any legal conclusions. Second, a district
court must then determine whether the facts alleged in the
complaint are sufficient to show that the plaintiff has a plausible
claim for relief.  In other words, a complaint must do more than
allege the plaintiff's entitlement to relief.**  A complaint has to show
such an entitlement with its facts.  As the Supreme Court instructed in
*Iqbal*, where the well-pleaded facts do not permit the court to infer more
than the mere possibility of misconduct, the complaint has alleged - but
it has not shown - that the pleader is entitled to relief.  This plausibility
requirement will be a context-specific task that requires the reviewing
court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11 (3d Cir. 2009).


### 2.	Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine as to any material fact and that the moving party is entitled to a judgment as matter of

law." Fed.R.Civ.P.  56(c). The party moving for summary judgment has the initial burden of

showing the basis for its motion.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The

burden then shifts to the non-movant to come forward with specific facts showing a genuine

issue for trial.  Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v.

Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present

affirmative evidence-more than a scintilla but less than a preponderance-to support his claims).

When deciding a motion for summary judgment, a court must draw all reasonable inferences in

the light most favorable to the non-movant.  Bailey v. United Airlines, 279 F.3d 194, 198 (3d

Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000).  Nonetheless, a

party opposing summary judgment must do more than rest upon mere allegations, general

denials, or vague statements, rather, "the party opposing the motion must go beyond its

pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers

to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277

F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or

weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big

Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine

issue is one in which the evidence is such that a reasonable jury could return a verdict for the

nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If

the court can reasonably read pleadings to state a valid claim on which the litigant could

prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories,

poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.

Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141

F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and

should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d

360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all

allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d

Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.

1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

inferences where it is appropriate.

### C.      Discussion

Plaintiff claims that Defendant Saavedra violated his constitutional rights by discussing

his mental health history at his cell door, within earshot of correctional officers and fellow

inmates, thus causing him to suffer mental anguish.  In response, Defendant Saavedra asserts,

*inter alia*, that:  (i) Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral

estoppel because all issues related to the claims were previously litigated in a lawsuit Plaintiff

filed in the United States District Court for the Middle District of Pennsylvania at Civil Action

No. 06-1099 (herein referred to as the "Maxwell case," in reference to the first named defendant

in that case); (ii) Plaintiff has failed to establish that his Fourteenth Amendment privacy rights

were violated by Defendant Saavedra's cell-door mental health evaluations; and (iii) Plaintiff's

deliberate indifference claim constitutes, at most, a negligence action, which fails to state an

Eighth Amendment violation.  Each of these arguments will be considered in turn.

### 1.      Collateral Estoppel and/or *Res Judicata*

For a party to be estopped from re-litigating an issue, the following elements must be

present:  (1) the issue sought to be precluded must be the same as the one involved in the prior

action; (2) the issue must have been actually litigated; (3) the issue must have been determined

by a valid and final judgment; and (4) the determination must have been essential to the prior

judgment.  Wolstein v. Docteroff (In re Docteroff), 133 F.3d 210, 214 (3d Cir. 1997).  "Use of

the adjective 'collateral' to characterize this form of estoppel grows out of the fact that the bar

of the prior adjudication is not interposed directly, by parties to the prior suit, but indirectly, by

new defendants, strangers to the earlier action.  Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d

Cir. 1972).

While Defendant Saavedra acknowledges that he was not named as a Defendant in the

Maxwell case, he contends that nearly identical claims were asserted by Plaintiff against, *inter*

*alia*, Drs. Newton and Khan, who were staff psychiatrists at SCI-Camp Hill.  Specifically,

Plaintiff made the following allegation in the original complaint in the Maxwell case, which is

substantially similar to Plaintiff's allegations against Defendant Saavedra in this case:

> [Drs. Newton and Khan] gave me an open pod examination behind the
> door and began to put my mental health history out there for everyone to
> hear I asked them to stop but he kept on going which led to inmates and
> correctional officers to make fun of my mental health issues...."

(Document # 43, Exhibit B at p. 3).

Plaintiff later amended his complaint in the Maxwell case to include, *inter alia,* claims

that Dr. Khan revealed his mental health history to other inmates and C.O.'s and that they made

fun of him, prompting him to attempt suicide, and that Dr. Newton revealed his mental health

history to other inmates and C.O.'s.  (Document # 43 at p. 26, citing Amended Complaint

attached as Exhibit B thereto, at ¶¶ 15, 17, 30, and 32).  Ultimately, the Middle District Court

granted summary judgment in favor of the defendants, determining, *inter alia*, that the absence

of private mental health assessments by psychiatric and psychological staff did not constitute an

Eighth Amendment violation. (See Exhibits F and G attached to Document # 43).

Defendant Saavedra contends that the issue of whether he wrongfully revealed

Plaintiff's confidential mental health history to others by speaking about it at Plaintiff's cell

door has already been raised and actually litigated to final judgment in the Maxwell case and,

thus, the same issue is barred from being re-litigated here.  If the Middle District Court's determination in the Maxwell case was, in fact, a final adjudication of Plaintiff's claim, this Court would agree that Plaintiff's claim against Defendant Saavedra would be barred from being re-litigated here.  However, Plaintiff has submitted a copy of the Third Circuit Court of Appeals' opinion on appeal from the Middle District Court's order of dismissal in the Maxwell case, in which the Third Circuit found that the Middle District Court failed to consider Plaintiff's objections to the Magistrate Judge's Report and Recommendation before issuing its final order dismissing the case.  As a result, the Third Circuit Court vacated the Middle District Court's order and remanded the case for further proceedings to consider Plaintiff's objections. (See Exhibit A attached to Document # 52, Plaintiff's Opposition Brief).  To date, the docket in the Maxwell case reveals that no further ruling has been made with regard to Plaintiff's claims in that case.  As a result, the Middle District Court's disposition of Plaintiff's claims in the Maxwell case has no preclusive effect here, and Defendant Saavedra's motion to dismiss Plaintiff's claims based on the doctrines of collateral estoppel and/or *res judicata* should be denied.

## 2.    Fourteenth Amendment Right to Privacy Claim

The Third Circuit Court has recognized that "the constitutional right to privacy in one's medical information exists in prison."  Doe v. Delio, 257 F.3d 309, 317 (3d Cir. 2001)(citation omitted).  However, an inmate "does not enjoy the right to privacy in his medical information to the same extent as a free citizen."  Id.  Rather, an inmate's "constitutional right is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security.  Specifically, an inmate's constitutional

right may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests.'" Id., citing Turner v. Safley, 482 U.S. 78, 79 (1987).

Here, Defendant Saavedra relies upon the Middle District Court's finding in the Maxwell case that cell-door visits by mental health professionals are reasonably related to the legitimate penological interest of maintaining safety and security. As previously discussed, however, the Middle District Court's decision in the Maxwell case was not a final determination and is not binding on this Court in any respect. Moreover, the facts and circumstances upon which the Maxwell court made its determination occurred while Plaintiff was incarcerated at SCI-Camp Hill, while the present case involves allegations arising from Plaintiff's incarceration at SCI-Fayette. Yet, Defendant Saavedra refers to facts apparently developed on the record in the Maxwell case as if they are equally of record in this case. They are not. The clearest example of this is found in the following discourse contained in Defendant Saavedra's brief in support of his pending motion, wherein he recounts several incidents involving Plaintiff's alleged behavior that are not referenced anywhere in the present record before this Court:[5]

> But just as importantly, the Court should carefully scrutinize [Plaintiff's] claim that his private medical information was revealed by Dr. Saavedra, given his own behavior. [Plaintiff] routinely feigned symptoms of mental illness – it was his goal to get out of the RHU by persuading everyone that he was mentally ill. He not only failed to keep this confidential from other inmates and C.O.s – he went to great lengths to persuade everyone he was suffering from mental illnesses. Far from seeking to speak confidentially with psychologists and psychiatrists, he

---

5

Apparently, this would account for Defendant's failure to substantiate any of the alleged "factual" statements with appropriate citations to the present record.

> was often noted to shout profanities at them.  On more than one occasion
> he was moved to a psychiatric observation cell, of which the guards and
> other inmates in the RHU were fully well aware.  He smeared feces
> around his cell and was accused more than once of throwing urine or
> feces at guards.  Even if one takes [Plaintiff's] dubious allegations at
> face value, nothing Dr. Saavedra could have said about his mental
> condition or history could possibly compare to the image he personally
> cultivated in the RHU.

(Document # 43, Defendant Saavedra's brief, at p. 36).  Since the foregoing statements are

unsubstantiated by any evidence of record in this case, they are nothing more than conclusory

assertions.

Furthermore, Defendant Saavedra has not presented this Court with any evidence of

SCI-Fayette's policy regarding cell-door mental health evaluations, nor has he come forward

with any evidence of the legitimate penological interest(s) such policy is intended to serve, the

costs of accommodating Plaintiff's privacy interest, or the availability of alternatives, all of

which are necessary for this Court to conduct a proper assessment of the factors set forth in

Turner, 482 U.S. at 89-90.

Based on the insufficient record before this Court, Defendant Saavedra's motion to

dismiss and/or for entry of summary judgment on Plaintiff's Fourteenth Amendment right to

privacy claim should be denied.


### 3.    Eighth Amendment Claim

Plaintiff claims that Defendant Saavedra is "liable for intentionally causing [him]

unnecessary and wanton infliction of pain by purposefully exposing [his] mental health history

to prisoners and guards in violation of the Eighth Amendment...." (Amended Complaint at ¶ 9).

In response, Defendant Saavedra baldly asserts that Plaintiff "does not state any facts from

which one could glean that Dr. Saavedra [acted] with ... deliberate indifference," and that

"[t]here is no fact alleged from which one could reasonably draw an inference of intentional ...

conduct." (Document # 43, Defendant Saavedra's Brief, at p. 39).  The Court disagrees.

In both his Complaint and Amended Complaint, Plaintiff sets forth the following

allegations:

> On 8-21-07 Dr. Peter Saavedra came to my door and exposed my
> mental health history[;] specifically the medication I was prescribed,
> suicide attempts I made in the past and information about me hearing
> voices and about me being depressed[.] I asked him not to talk about
> my mental health history but he disregarded my request for him to
> stop[.]  This disregard of his caused me to be mentally tourmented [sic]
> by other prisoners and guards about my mental illness....  I have asked
> Doctor Saavedra several times prior to this incident for confidential
> assessment ... but never received it...

(Complaint at ¶ 5; Amended Complaint at ¶ 4).

Accepted as true, the foregoing allegations set forth enough information from which a

fact finder could reasonably infer that Defendant Saavedra's discussion of Plaintiff's mental

health history from outside Plaintiff's cell door, despite Plaintiff's repeated requests to stop

doing so, exhibited deliberate indifference to Plaintiff's mental health and emotional well-

being.  Thus, Plaintiff has sufficiently stated an Eighth Amendment claim of deliberate

indifference, and Defendant Saavedra's motion to dismiss the same should be denied.

### 4.        State Law Claims

Plaintiff lists several Pennsylvania statutes that he contends were violated by Defendant

Saavedra's alleged exposure of Plaintiff's mental health history.  These include 50 Pa.C.S.

§ 7111(a)(4);  42 Pa.C.S. § 5929; 42 Pa.C.S. § 5944; 55 Pa. Code § 5100.32(a)(1); 35 P.S.

§ 521.15; 20 Pa.C.S. § 5842; and 13 Pa.C.S. § 2A202(1).  These statutory claims will be

12

considered in turn.

### a.   Mental Health Procedures Act

50 Pa.C.S. § 7111(a)(4) is part of Pennsylvania's Mental Health Procures Act, 50

Pa.C.S. 7101, *et seq.* ("MHPA"), and provides, in pertinent part, as follows:

> All documents concerning persons in treatment shall be kept
> confidential and, without the person's written consent, may not be
> released or their contents disclosed to anyone except:

> \*               \*               \*

> (4)     pursuant to Federal rules, statutes and regulations
>          governing disclosure of patient information where
>          treatment is undertaken in a Federal agency.

> In no event, however, shall privileged communications, whether written
> or oral, be disclosed to anyone without such written consent....

As an extension of the foregoing statute, 55 Pa. Code § 5100.32 was codified and

provides, in pertinent part, as follows:

> (a)     Records concerning persons receiving or having received
>          treatment shall be kept confidential and shall not be released nor
>          their content disclosed without the consent of a person given
>          under § 5100.34 (relating to consensual release to third parties),
>          except that relevant portions or summaries may be released or
>          copied as follows:

> (1)     To those actively engaged in treating the individual, or to
>          persons at other facilities, including professional
>          treatment staff of State Correctional Institutions and
>          county prisons, when the person is being referred to that
>          facility and a summary or portion of the record is
>          necessary to provide for continuity of proper care and
>          treatment.

55 Pa. Code § 5100.32(a)(1).

"The purpose of the MHPA is to further the policy of the Commonwealth of

Pennsylvania 'to seek to assure the availability of adequate treatment to persons who are

mentally ill.'"   Hahnemann University Hosp. V. Edgar, 74 F.3d 456, 463 (3d Cir. 1996), citing

50 Pa.C.S. § 7102. "In fact, the Pennsylvania Supreme Court has given the patient's right to

confidentiality of psychiatric records constitutional status." Id. (citations omitted).  "The Act

therefore is strictly construed." Id. (citations omitted).

Defendant Saavedra has moved to dismiss Plaintiff's MHPA-based claims based on the

immunity provisions contained in Section 7114 of the Act, which are set forth, in pertinent part,

as follows:

> (a)    **In the absence of willful misconduct or gross negligence**, ... a
> director of a facility, a physician, ... or any other authorized
> person who participates in a decision that a person be examined
> or treated under this act, or that a person be discharged,... or that
> the restraint upon such person be otherwise reduced,... shall not
> be civilly or criminally liable for such decision or for any of its
> consequences.

50 Pa.C.S. § 7114(a) (emphasis added).

Defendant Saavedra argues that Plaintiff's claim amounts to nothing more than simple

negligence, and that "there is no fact alleged from which one could reasonably draw an

inference of ... grossly negligent conduct."  However, since the Court has already determined

that one could reasonably infer deliberate indifference from Plaintiff's allegations, it follows

that one could also infer gross negligence from the same allegations. See Wolfe v. Horn, 130

F.Supp.2d 648, 659 (E.D.Pa. 2001)(denying summary judgment based on immunity provision

of 50 Pa.C.S. § 7114(a), finding that "because there is a triable fact issue concerning 'deliberate

indifference' to serious medical needs, there is also a fact question concerning negligent

malpractice under Pennsylvania law").  Accordingly, Defendant Saavedra's motion to dismiss

Plaintiff's MHPA-based claims under 50 Pa.C.S. § 7111 and 55 Pa Code § 5100.32(a)(1)

should be denied.

14

**b.**      **42 Pa.C.S. §§ 5929 and 5944**

42 Pa.C.S. § 5929 provides, in pertinent part, that "[n]o physician shall be allowed, in

any civil matter, to disclose any information which he acquired in attending the patient in a

professional capacity,... which shall tend to blacken the character of the patient, without consent

of said patient....  Similarly, 42 Pa.C.S. § 5944 provides, in pertinent part, that "[n]o

psychiatrist... shall be, without the written consent of his client, examined in any civil or

criminal matter as to any information acquired in the course of his professional services in

behalf of such client."  These statutes merely establish and recognize the existence of the

physician/psychiatrist-patient privilege in the context of testimony and/or evidence offered by a

medical professional in civil and/or criminal matters.  It does not create a separate cause of

action for breach of confidentiality arising from a psychiatrist's alleged disclosure of a patient's

mental health history to third parties, as alleged here.  Thus, 42 Pa.C.S. §§ 5929 and 5944 do

not provide any grounds upon which Plaintiff may establish liability against Defendant

Saavedra under the circumstances alleged in this case, and Plaintiff's claims based upon these

statutes should be dismissed.


**c**      **35 P.S. § 521.15**

35 Pa.C.S. § 521.15 is a provision of Pennsylvania's Disease Prevention and Control

Law of 1955 and provides, in pertinent part, that "**[s]tate and local health authorities** may not

disclose reports of diseases, any records maintained as a result of any action taken in

consequence of such reports, or any other records maintained pursuant to this act or any

regulations, to any person who is not a member of the department or of a local board or

15

department of health, except where necessary to carry out the purposes of this act...." (emphasis

added).  Defendant Saavedra argues that he is not an employee of a state or local health

authority, nor can he be considered one himself, and, thus, he is not governed by the foregoing

statute.  The Court agrees.  The plain language and purpose of the statute indicates that

Plaintiff's attempt to use the statute as a basis for a cause of action against Defendant Saavedra

is misplaced.  Accordingly, Defendant Saavedra's motion to dismiss Plaintiff's claim based

upon 35 Pa.C.S. § 521.15 should be granted.

### d.      20 Pa.C.S. § 5842

20 Pa.C.S. § 5842 is a provision of Pennsylvania's Decedents, Estates and Fiduciaries

Code, and generally requires physicians and mental health care providers to "comply with a

mental health care decision made by a mental health care agent to the same extent as if the

decision had been made by the principal."  This provision clearly has no application to the

circumstances of this case, and Defendant Saavedra's motion to dismiss Plaintiff's claim based

upon this statute should be granted.

### e.      13 Pa.C.S. § 2A202

13 Pa.C.S. § 2A202 is a section of Pennsylvania's Uniform Commercial Code which

essentially codifies the parol evidence rule in the context of lease agreements.  This section is

also irrelevant to the case at hand and Plaintiff's claim based upon this statute should be

summarily dismissed.

**III.**   **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendant Saavedra's

motion to dismiss, or in the alternative, motion for summary judgment [Document # 42] be

granted in part and denied in part, as follows:

1.   Defendant Saavedra's motion to dismiss Plaintiff's claims based
on the doctrines of collateral estoppel and/or *res judicata* should
be denied.

2.   Defendant Saavedra's motion to dismiss and/or for entry of
summary judgment on Plaintiff's Fourteenth Amendment right
to privacy claim should be denied.

3.   Defendant Saavedra's motion to dismiss Plaintiff's Eighth
Amendment claim should be denied.

4.   Defendant Saavedra's motion to dismiss Plaintiff's MHPA-
based claims under 50 Pa.C.S. § 7111 and 55 Pa. Code 5100.32
should be denied.

5.   Defendant Saavedra's motion to dismiss Plaintiff's remaining
state law claims under 42 Pa.C.S. § 5929, 42 Pa.C.S. § 5944, 35
P.S. § 521.15, 20 Pa.C.S. § 5842, and 13 Pa.C.S. § 2A202(1),
should be granted.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 13, 2010

cc:   The Honorable Sean J. McLaughlin
United States District Judge

17