# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER              )
                             )
    Plaintiff,        )
v.                           )   Case No. 2:08-cv-1166
                             )
JEFFREY A. BEARD, et al.,    )
et al.,                      )
    Defendants.      )

## MEMORANDUM ORDER

    Plaintiff Ravana Spencer's civil rights complaint was received by the Clerk of Court on August 21, 2008 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Defendant Peter Saavedra, a psychiatrist under contract to provide psychiatric services to inmates at SCI-Fayette, is presently the only remaining Defendant in this case.

    Plaintiff has alleged that, while he was incarcerated at SCI-Fayette, Defendant Saavedra violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution as well as his rights under Pennsylvania's Mental Health Procedures Act, 50 Pa. C.S.A. § 7111 *et seq.* and several other state statutes or regulations. More particularly, Plaintiff alleges that, on August 21, 2007, Defendant Saavedra went to his cell door and "exposed [his] mental health history, specifically the medication [he] was prescribed, suicide attempts [he had] made in the past, and information about [him] hearing voices and being depressed," which led to him being "mentally tourmented [sic] by prisoners and guards about [his] mental illness," causing him "severe mental pain and psychological and moral collapse." (Amended Complaint [21] at ¶ 4.)

    The Magistrate Judge's report and recommendation [55], filed on May 13, 2010, recommends that the motion to dismiss or, in the alternative, for summary judgment

[42] filed on behalf of Defendant Saavedra be granted in part and denied in part. Specifically, the Magistrate Judge recommends that:

1. the motion be denied insofar as it is premised upon the doctrines of collateral estoppel and/or res judicata;

2. the motion be denied relative to Plaintiff's due process claim based upon the alleged violation of his Fourteenth Amendment right to privacy;

3. the motion be denied relative to Plaintiff's claim based upon the alleged violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment;

4. the motion be denied relative to Plaintiff's claims under the Mental Health Procedures Act, to the extent they are premised upon alleged violations of 50 Pa. C.S.A. § 7111 and 55 Pa. Code § 5100.32; and

5. the motion be granted insofar as it relates to Plaintiff's remaining state law claims premised upon alleged violations of 42 Pa. C.S.A. §§ 5929 and 5944, 35 P.S. § 521.15, 20 Pa. C.S.A. § 5842, and 13 Pa. C.S.A. § 2A202(1).

(*See* Report and Recommendation [55] at p. 17.)

The parties were allowed ten (10) days from the date of service in which to file objections. Defendant Saavedra filed his objections [56] to the Report and Recommendation on May 21, 2010. In his submission to the Court, Saavedra indicates that he does not actually object to the recommendations of the Magistrate Judge; rather, he seeks only to set forth certain points of factual clarification and requests that any denial of his motion be without prejudice so that he can later reassert those aspects of his motion on a more fully developed record.

Plaintiff's objections [57] were filed on June 1, 2010. In them, Plaintiff essentially raises four points. First, he takes issue with the Magistrate Judge's refusal to appoint counsel and certify this matter as a class action. Second, he disagrees with the Magistrate Judge's conclusion that no private cause of action exists relative to breaches

of physician-patient confidentiality in violation of 42 Pa. C.S.A. § 5929. Third, he objects to the Magistrate Judge's treatment of the collateral estoppel/res judicata issue. Last, he objects to the Defendant's request that the partial denial of his motion be without prejudice.

This Court finds, upon review of the Report and Recommendation and the various objections thereto, that Plaintiff is correct insofar as he asserts that an alleged violation of 42 Pa. C.S.A. § 5929 may give rise to a legally cognizable cause of action. *See Burger v. Blair Medical Assoc., Inc.*, 928 A.2d 246, 249 (Pa. Super. 2007) (quoting *Grimminger v. Maitra*, 887 A.2d 276, 279 (Pa. Super. 2005) for the proposition that "Pennsylvania recognizes a cause of action for breach of the physician-patient privilege where 'confidential disclosures occurred that were unrelated to any judicial proceedings,'" and observing that the *Grimminger* Court looked to 42 Pa. C.S.A. § 5929 for a "rough formulation as to what a breach of the confidential duty between physician and patient entails"), *affirmed*, 964 A.2d 374 (Pa. 2009). Accordingly, the Court will decline to adopt the Report and Recommendation to the extent it recommends a dismissal of Plaintiff's claim for breach of the physician-patient privilege premised upon an alleged violation of 42 Pa. C.S.A. § 5929.

Plaintiff has also taken issue with the Magistrate Judge's treatment of the pending motion to dismiss insofar as it deals with issues of collateral estoppel and/or res judicata. In his brief in support of the pending motion, Defendant Saavedra argues that Plaintiff's Eighth Amendment claim should be barred by the doctrines of collateral estoppel and/or res judicata inasmuch as Plaintiff has previously tried, unsuccessfully, to assert this same type of claim against different mental health professionals in separate litigation before the U.S. District Court in the Middle District of Pennsylvania, styled *Spencer v. Maxwell et al*., Case No. 3:06-cv-01099-EMK (M.D. Pa.). Like this case, the *Maxwell* case involved allegations by the Plaintiff that psychiatrists at the state

institution where he was incarcerated[1] revealed his mental health status to other inmates and corrections officers when they consulted with him at his cell door. In the *Maxwell* case, the district court ruled on Spencer's Eighth Amendment claim adversely, granting summary judgment in favor of the named defendants. (*See Spencer v. Maxwell*, *supra*, Order Adopting Report and Recommendation [158] and Judgment [159], both dated May 1, 2009.) Based on that ruling, Defendant Saavedra has argued that Plaintiff should be barred from asserting similar claims here.

The Magistrate Judge rejected this argument on the grounds that the ruling from the Middle District in the *Maxwell* case was not actually a valid and final judgment for res judicata or collateral estoppel purposes inasmuch as the district court's ruling had subsequently been vacated by the Third Circuit Court of Appeals on procedural grounds and remanded back to the district court for further proceedings. *See Spencer v. Beard*, No. 09-2692 (3d Cir. Oct. 29, 2009). Notwithstanding this conclusion, the Magistrate Judge agreed with Saavedra that, "[i]f the Middle District Court's determination in the Maxwell case was, in fact, a final adjudication of Plaintiff's claim, ... Plaintiff's claim against Defendant Saavedra would be barred from being re-litigated here." (Report and Recommendation [55] at p. 9.)

Although it is perhaps technically irrelevant for present purposes, Plaintiff takes issue with the Magistrate Judge's analysis relative to the Defendant's collateral estoppel/ res judicata argument. Because the *Maxwell* case involved different personnel in a different prison setting, he argues, the court's ruling in that case – however it comes out – cannot be given preclusive effect here. This Court is inclined to agree. Although the claim raised in *Spencer v. Maxwell* is virtually identical in theory to

---

[1] The *Maxwell* case involved mental health professionals who treated Plaintiff while he was incarcerated at SCI-Camp Hill.

the type of claim Plaintiff raises here, it involved different actors and different dates in a different prison setting with potentially a different evidentiary record. This Court is therefore not prepared to say that a ruling in the *Maxwell* case would necessarily be entitled to preclusive effect in this litigation, as it is not clear that "the issue sought to be precluded" here is "the same as the one involved in the prior action." *Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 214 (3d Cir. 1997). Accordingly, the Court will decline to adopt that portion of the Report and Recommendation which addresses the Defendant's arguments relative to collateral estoppel and/or res judicata.

Plaintiff has raised other issues in his objections to the Report and Recommendation, but the Court finds those arguments to be unpersuasive. Accordingly, after de novo review of the Complaint and the documents in the case, together with the Report and Recommendation and the parties' respective objections thereto, the following order is entered:

AND NOW, this 21st Day of June, 2010, IT IS HEREBY ORDERED that the motion to dismiss or, in the alternative, motion for summary judgment [42] filed on behalf of Defendant Peter Sevedra be and hereby is, GRANTED in part and DENIED in part as follows:

1. The motion is DENIED insofar as it is premised upon the doctrines of collateral estoppel and/or res judicata;

2. The motion is DENIED relative to Plaintiff's due process claim based upon the alleged violation of his Fourteenth Amendment right to privacy;

3. The motion is DENIED relative to Plaintiff's claim based upon the alleged violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment;

4. The motion is DENIED relative to Plaintiff's claims under the Mental Health Procedures Act, to the extent they are premised upon alleged violations of 50 Pa. C.S.A. § 7111 and 55 Pa. Code § 5100.32;

5. The motion is DENIED with respect to Plaintiff's claim for breach of the physician-patient privilege based on the alleged violation of 42 Pa. C.S.A. § 5929; and

6. The motion is GRANTED in all other respects.

The report and recommendation [55] of Magistrate Judge Baxter dated May 13, 2010, as modified herein, is adopted as the opinion of this Court.

        s/ Sean J. McLaughlin

        SEAN J. McLAUGHLIN
        United States District Judge

cm: all parties of record.
     U.S. Magistrate Judge Susan Paradise Baxter